Argued March 6, affirmed March 28, 1963

# DARE *v.* GARRETT FREIGHT LINES, INC. ET AL
### 380 P. 2d 119

62

*James H. Clarke,* Portland, argued the cause for appellants. With him on the briefs were Koerner, Young, McColloch & Dezendorf and John Gordon Gearin, Portland.

*George D. LaRoche,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

This was a case which resulted from an auto accident. Plaintiff recovered a verdict and judgment. Defendants appeal. There is one assignment that will be discussed.

The place of the accident was at a "T" intersection near Milwaukie. A street designated as Main street extended in a northerly and southerly direction. Mailwell Drive was the street which intersected Main street on the east side thereof. Both streets were straight and level.

Immediately prior to the accident plaintiff's car

was parked on the easterly side of Main street south of the intersection. Plaintiff entered her car and proceeded in a northerly direction into the intersection. Simultaneously defendants' truck was being driven, by defendant Heinrich, in a southerly direction approaching the intersection from the north. Heinrich intended to and did attempt to make a left turn into Mailwell Drive. In the process of doing so the two vehicles collided. Each party charged the other with the failure to yield the right of way. The trial court gave this instruction in respect to the claim of right of way:

"The next charge is defendants failed to yield the right of way to plaintiff. The defendants by their answer have a similar charge against the plaintiff, in that she failed to yield the right of way to the vehicle of the defendants. Thereby, both parties charge the opposing party with a violation of the statute or statutory negligence as I have defined that, and by these charges of negligence, each charges the other with violation of a particular statute. The statute to which both parties have reference reads as follows: 'The driver of a vehicle within an intersection intending to turn to the left shall yield to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard. Having so yielded and having given a signal when and as required by law, the driver may make such left turn, and other vehicles approaching the intersection from the opposite direction shall yield to him.' Violation of this statute on the part of either party in the sense that is charged, would constitute statutory negligence or negligence in and of itself."

Defendants excepted to the instruction given for the reason that plaintiff had not alleged as an act of negligence that the defendants had failed to signal the

intent to make a left turn. Heinrich testified that he did have his turn signal on for about 100 feet before he entered the intersection. Heinrich also gave evidence, by marking on a map, as to what he thought was the point of impact. The point so designated by Heinrich could have caused the jury to believe that he was "cutting" the corner. Regardless of that defendants misconstrue the instruction.

The statute the court read to the jury was ORS 483.202 (3). This section was amended in 1961 but not in respect to subsection (3). The section governs rights of way at intersections. The reference therein to signals is not related to the other statutory requirements as to when a signal must be given. It is directed at when a signal is pertinent to a claim of right of way.

■ In this case, as mentioned, defendants charged that plaintiff was negligent in failing to yield the right of way. This is the equivalent of a claim that defendants did have the right to first proceed. The statute first makes it clear that a driver of a vehicle who intends to make a left turn at an intersection must yield the right of way to "* * * any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." In that situation the driver desiring to make a left turn must yield the right regardless of signal.

■ However, if the driver of a vehicle desires to make a left turn in front of other vehicles that are not so close as to "constitute an immediate hazard" the statute makes this requirement: "Having so yielded and having given a signal *when and as required by law* the driver may make such left turn, and other vehicles approaching the intersection from the opposite direc-

tion shall yield to him." (Emphasis ours). There was no evidence in this case that plaintiff's car was preceded into the intersection by another vehicle. Consequently, there can be no issue here that defendant Heinrich had already yielded to another vehicle and could, therefore, claim the right of way granted by that part of the statute just mentioned.

 Accordingly, it was incumbent on defendants, in order to have claimed the right of way, to have submitted evidence from which the jury could have found that plaintiff was not in or closely approaching the intersection when the turn was attempted. For if she were, as we have seen, she had the right to proceed. It was defendants' burden to prove that she was further away and that defendants otherwise conformed to the statutory requirements explained in the instruction. It was the jury's function to determine from the conflicting evidence the relative position of the two vehicles as they approached the intersection and, accordingly, what signals, if any, were required and given. The jury could not have known the respective duties of the parties if the instruction had not been given. Defendants' claim of right of way could not have been submitted to the jury in any other way. The instruction was proper.

Other assignments of error are not worthy of mention. The case was one for the jury.

Judgment affirmed.